IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ROGER H. HUMBARGER,

        Plaintiff,        3:11-cv-1202-PA

                               **ORDER**

    v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
et al.,

        Defendants.

---

**PANNER, J.**

    In October 2011, plaintiff Roger H. Humbarger, proceeding *pro se*, filed a complaint seeking to stop the alleged wrongful non-judicial foreclosure of his home. Defendants move to dismiss on grounds of mootness. For the reasons stated below, defendants' motion to dismiss [#61] is GRANTED.

1 - ORDER

## STANDARDS

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) tests the subject-matter jurisdiction of the court. In evaluating a factual challenge to jurisdiction, the court may look beyond the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a factual challenge, the court "need not" presume the factual allegations in the complaint are true. Id. The party asserting jurisdiction bears the burden of proving jurisdiction exists. In re Ford Motor Co./Citibank (South Dakota), 264 F.3d 952, 957 (9th Cir. 2001)(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

## DISCUSSION

### 1. JUDICIAL NOTICE

Pursuant to Fed. R. of Evid. 201, a court may take judicial notice of a fact outside the pleadings if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (impliedly overruled on other grounds; See Crawford-El v. Britton, 523 U.S. 574, 592-93 (1998)). So long as the court takes notice of undisputed matters of public record, a Rule 12 motion is not converted into a motion for summary judgment. Lee, 250 F.3d at 689-90.

Defendants request the court take judicial notice of the Notice of Rescission of Notice of Default defendants recorded in

2 - ORDER

the Clackamas County land records on March 16, 2012. Plaintiff does not dispute the accuracy of either document and judicial notice is proper for both documents. Lee, 250 F.3d at 689. Defendants' request for judicial notice [#63], is granted.

**2. MOOTNESS**

Federal courts are courts of limited jurisdiction. Article III of the Constitution limits federal court jurisdiction to actual cases or controversies. Art. III, § 2; see Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (9th Cir. 2011). A case or controversy requires "that an actual, ongoing controversy exist at all stages of federal court proceedings." Id. (internal citation omitted). Federal courts lack jurisdiction to decide moot cases. Id. at 1087.

Defendants argue that because there is no longer a pending non-judicial foreclosure proceeding, plaintiff's claim is moot. I previously dismissed cases on similar grounds and many of my conclusions there are applicable here. See Durham v. The Bank of New York Mellon, 1:12-cv-273-PA, 2012 WL 2529188 (D. Or., June 28, 2012 Order); Leaper v. Deutsche Bank Nat'l Trust Co., 3:10-cv-1471-PA, 2012 WL 2367568 (D. Or., June 21, 2012 Order).

"[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc., v.

3  - ORDER

Laidlaw Environmental Services, Inc., 528 U.S. 167, 190 (2000). A defendant's voluntary action may result in a moot claim when: (1) there is no reasonable expectation that the alleged violation will recur; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Smith v. Univ. of Washington, 233 F.3d 1188, 1194 (9th Cir. 2000)(internal citation omitted).

As noted, defendants recorded a Notice of Rescission of Notice of Default. That document terminated the non-judicial foreclosure proceedings at issue. Additionally, on multiple occasions, defendants stated that instead of pursuing a non-judicial foreclosure, they intend to determine whether plaintiff qualifies for a loan modification or some other out-of-court solution. Only then, if another solution is unavailable, will defendants pursue a judicial foreclosure. Most recently, defendants stated their intentions on the record during the December 18, 2012 oral argument.

Plaintiff states, "The Defendants have not, to date, agreed in writing to relinquish any right they claim under Plaintiff's Deed of Trust and Note, nor have they agreed in writing to refrain from pursuing non-judicial foreclosure in reliance upon the documents they recorded that remain in the public record."

As to the latter allegation, plaintiff ignores defendants' statements, noted above, made to the court in support of their

4 - ORDER

motion to dismiss. Additionally, defendants could well be judicially estopped from proceeding with a future non-judicial foreclosure. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001)(judicial estoppel prevents a party from gaining an advantage based on one theory and then seeking a future advantage by pursuing an incompatible theory).

As to the former allegation, it is true that defendants have not agreed to relinquish any rights claimed under plaintiff's note or deed of trust. It is precisely those rights, however, that will be at issue should defendants choose to initiate judicial foreclosure proceedings at a later date. Plaintiff remains free to challenge such claims in the future, in the event defendants advance a claim for judicial foreclosure of the deed of trust. As noted, defendants stated their intention is to resolve the dispute out of court, resorting to a judicial foreclosure only if other options fail.

Given defendants' representations in the record, there is not a reasonable chance that the alleged wrongful activity - a non-judicial foreclosure - will recur. The wrongful foreclosure claim is therefore moot. Friends of the Earth, 528 U.S. at 190; Smith, 233 F.3d at 1194. The 18-page complaint raises no claims, and makes no allegations, relating to anything other than an allegedly wrongful non-judicial foreclosure. The complaint challenges assignments of the deed of trust and the appointment

of a successor trustee. The complaint alleges defendants failed to record all assignments of the deed of trust, in violation of the Oregon Trust Deed Act. The complaint also challenges the amount outstanding on the loan and the corresponding amount in default. All of the claims and allegations relate to the non-judicial foreclosure proceedings, which are now moot.

Plaintiff argues he seeks an accounting of his loan, yet I find no legal or equitable basis to order such an accounting. Additionally, this claim for an accounting appears to be a claim that plaintiff is not actually in default due to erroneous charges stacked onto the loan by defendants. As noted above, plaintiff may raise such a defense during any judicial foreclosure proceedings, as defendants must demonstrate plaintiff is indeed in default.

The same reasoning applies to plaintiff's argument that he be allowed to file an amended complaint raising a claim for breach of contract. Plaintiff first mentioned a breach of contract claim in his reply to defendants' motion to dismiss. Plaintiff's well pleaded, 18-page complaint fails to mention any breach of contract. As noted, plaintiff's complaint simply challenged, and attempted to prevent, the allegedly wrongful non-judicial foreclosure of his home. It is clear that plaintiff's purported breach of contract claim actually challenges the non-judicial foreclosure proceedings. For example, plaintiff argues

defendants violated the deed of trust with improper assignments of the deed of trust. As noted above, however, defendants no longer pursue non-judicial foreclosure proceedings. Finally, I note that where plaintiff apparently admits to both defaulting and then failing to make any payments on the note for over three years, a breach of contract claim, not to mention damages, may be difficult to establish.

### 3. Costs

As noted by defendants, in <u>Leaper</u> and <u>Durham</u>, I concluded those plaintiffs were not the "prevailing party" and thus not entitled to costs and fees. It is now clear, however, that my prior rulings, at least as to costs, were incorrect.

In actions dismissed for lack of jurisdiction - such as the action here - a district court may award "just costs," 28 U.S.C. § 1919, considering "what is most fair and equitable under the totality of the circumstances." <u>Otay Land Co. v. United Enter.</u>, 672 F.3d 1152, 1156 (9th Cir. 2012). Plaintiff filed this action to stop the allegedly wrongful non-judicial foreclosure of his home. It appears there were at least serious questions on the merits of plaintiff's claim. <u>See</u> ORS 86.735(1); <u>Hooker v. Northwest Trustee Services, Inc.</u>, 2011 WL 2119103, *3 (D. Or. May 25) (internal citation omitted; <u>James v. Recontrust Co., et al</u>, 845 F.Supp.2d 1145, 1147 (D. Or. 2012); <u>Niday v. GMAC Mort., LLC</u>, 251 Or.App. 278, 299-301 (2012). Regardless, defendants elected

7 - ORDER

to rescind the non-judicial foreclosure proceedings and pursue other alternatives. Those voluntary actions, taken only after plaintiff filed the complaint, in turn mooted plaintiff's claim. Based on the record, plaintiff here is certainly entitled to his "just costs." 28 U.S.C. § 1919.

## CONCLUSION

Defendants' motion to dismiss [#61] and request for judicial notice [#63] are GRANTED. To the extent any temporary restraining order or preliminary injunction remains in effect, it is now dissolved. All other pending motions are denied as moot. Costs to plaintiff.

IT IS SO ORDERED.

DATED this __19__ day of December, 2012.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

8 - ORDER